1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 8  **JEREMY BROUWER and** | ) | **1:07-CV-1362 AWI DLB** |
| **DAVID MARTINEZ,** | ) | |
| 9 | ) | **ORDER GRANTING MOTION TO** |
| **Plaintiffs**, | ) | **DISMISS AND TO STRIKE IN** |
| 10 | ) | **PART ORDER DISMISSING** |
| **v.** | ) | **CERTAIN CLAIMS WITH LEAVE** |
| 11 | ) | **TO AMEND** |
| **CITY OF MANTECA, et al.,** | ) | |
| 12 | ) | |
| **Defendant**s. | ) | **(Document #20)** |
| 13 _____ | ) | |

14
15

**BACKGROUND**

16      On September17, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 for

17 alleged violations of Plaintiffs' constitutional rights.   The first claim alleges that Officer

18 Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendment by subjecting

19 Plaintiffs to excessive and unreasonable force, i.e. tasing.   The second claim for relief alleges

20 supervisory liability based on the Supervisory Defendants failure to adequately train, supervise,

21 discipline, or in any other way control the Officer Defendants.   The third claim alleges

22 Defendants violated California Civil Code § 52.1 by interfering with Plaintiffs' rights under the

23 state and federal Constitutions.   The fourth claim alleges Officer Defendants committed a battery

24 on Plaintiffs.   The fifth claim alleges negligence against all Defendants.

25      On June 13, 2008, Defendants filed a motion to dismiss and to strike.   Defendants

26 contend that Plaintiffs' state law claims must be dismissed because Plaintiffs failed to comply

27 with the California Tort Claims Act.   Defendants contend that all claims against Manteca Police

28 Department must be dismissed because it is a redundant defendant.   Defendants seek to strike

1  the request for punitive damages against the public entities.   The hearing on Defendants motion

2  to dismiss and strike was scheduled for July 14, 2008.   When Plaintiffs neither filed an

3  opposition nor notice of non-opposition, the court took the pending motion under submission.

4                                          **LEGAL STANDARDS**

5            A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

6  Procedure for "failure to state a claim upon which relief can be granted".   Fed.R.Civ.Pro.

7  12(b)(6)  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory

8  or the failure to allege sufficient facts under a cognizable legal theory.   <u>Balistreri v. Pacifica</u>

9  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749

10 F.2d 530, 533-34 (9th Cir.1984).   In considering a motion to dismiss, the court must accept as

11 true the allegations of the complaint in question, construe the pleading in the light most favorable

12 to the party opposing the motion, and resolve all doubts in the pleader's favor.   <u>Hospital Bldg.</u>

13 <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976); <u>Jenkins v. McKeithen</u>, 395 U.S. 411,

14 421 (1969); <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003).

15           For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not

16 contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief

17 that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, – U.S. – , 127 S.Ct. 1955, 1974

18 (2007); <u>Weber v. Department of Veterans Affairs</u>, 512 F.3d 1178, 1181 (9th Cir. 2008).   While a

19 complaint need not plead "detailed factual allegations," the factual allegations it does include

20 "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 127 S.Ct. at

21 1964-65.   Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is

22 entitled to relief, "rather than a blanket assertion" of entitlement to relief.   <u>Id</u>. at 1965 n. 3.

23 Thus, a Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or

24 her claims "across the line from conceivable to plausible." <u>Id</u>. at 1974.

25           Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any

26 pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

27

28                                                      2

matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527.

## ALLEGED FACTS

The complaint alleges that on or about September 17, 2005, Plaintiffs were lawfully and peacefully in Sherri's Bar, located at 955 E. Yosemite Avenue, Manteca California. Plaintiff Martinez was performing at the bar with his band. During the concert, a disturbance occurred in the audience, and Plaintiff Martinez used the microphone to ask patrons to listen to the security guards.

The complaint alleges that Plaintiff Martinez then observed his friend being attacked by a security guard. The complaint alleges that Plaintiff Martinez left the stage with the microphone and told the security guard he would calm down his friend. The complaint alleges that as he approached the location, Plaintiff Martinez was pulled outside by a Manteca Police Department Officer. During this time, the complaint alleges that Plaintiff Martinez lost his balance and bumped into another Officer. When he began to regain his balance, the complaint alleges that Officer Muller than began hitting Plaintiff Martinez in the face. The complaint alleges that Officer Beall tased Plaintiff Martinez at least twice.

The complaint alleges Officer Beall then kicked Plaintiff Martinez's stomach, causing him to double over in pain. The complaint alleges that Officer Beall then re-applied his taser and forced Plaintiff Martinez's face to the ground. The complaint alleges Officer Muller and Officer Goforth then placed two sets of handcuffs on Plaintiff Martinez. Although he had been

3

1   tased, the complaint alleges Defendants did not take Plaintiff Martinez to the hospital.

2           The complaint alleges that when Plaintiff Brouwer was attempting to leave the bar as

3   directed by the Officers, he was pushed from behind and fell into another Officer.   The

4   complaint alleges Plaintiff Brouwer was immediately thrown to the guard by another Officer.

5   The complaint alleges that while on the ground with his hand under his chest, Plaintiff Brouwer

6   was tased approximately nine times while on his stomach.   Plaintiff Brouwer was taken to the

7   hospital.

8                                        **DISCUSSION**

9   **A.  State Law Claims and California Tort Claims Act**

10          Defendants contend that Plaintiffs' state law claims are barred because Plaintiffs have not

11  alleged compliance with the California Tort Claims Act ("CTCA").   In a civil rights action, the

12  Ninth Circuit has found that a plaintiff's pendent state law claims against the state or state

13  employees are barred unless the plaintiff has complied with the requirements of the CTCA before

14  commencing the civil action.   Ortega v. O'Connor, 764 F.2d 703, 707 (9th Cir.1985), *rev'd on*

15  *other grounds,* 480 U.S. 709 (1987).   Compliance with the CTCA is deemed to be a substantive

16  element of a plaintiff's cause of action.   United States v. State of California, 655 F.2d 914, 918

17  (9th 1980); State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1245 (2004).  Before a

18  cause of action may be stated, a plaintiff must allege either compliance with the claim

19  presentation requirement or circumstances excusing compliance.   Bodde, 32 Cal.4th at 1245;

20  Ovando v. County of Los Angeles,159 Cal.App.4th 42, 65 (2008); Sofranek v. Merced County,

21  146 Cal.App.4th 1238, 1246 (2007).

22          Here, the complaint fails to allege compliance with the CTCA.   Thus, the complaint is

23  subject to dismissal for failure to allege compliance.   Absent unusual circumstances, dismissal

24  without leave to amend is improper unless it is clear that the complaint could not be saved by

25  amendment.   Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   Because compliance

26  with the CTCA could be alleged, the court will dismiss the CTCA claim with leave to amend.

27

28                                             4

**B.  Duplicative Defendant**

The complaint names both the Manteca Police Department and the City of Manteca as Defendants.    Defendants contend that the Manteca Police Department, as a subdivision of the City of Manteca, is a duplicative defendant.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law.  42 U.S.C. § 1983.   Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983.   Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell, 436 U.S. at 690-91 & n. 54 (1978); County of Los Angeles v. Superior Court,  68 Cal.App.4th 1166, 1171 (1998).   However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983.   United States v. Kama,  394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); Sanders v. Aranas, 2008 WL 268972, 3 (E.D.Cal. 2008)( "Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno") Brockmeier v. Solano County Sheriff's Dept., 2006 WL 3760276, *4 (E.D.Cal. 2006) (finding that sheriff's department is a municipal department and not a proper defendant for purposes of plaintiff's § 1983 claims); Vance v. County of Santa Clara, 928 F.Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality).   Because Defendant Manteca Police Department is a subdivision of Defendant City of Manteca, it is an unnecessary duplicative Defendant, and it will be dismissed.

**C.  Official Capacity Suits**

Defendants seek to dismiss the official capacity suits against them.  In Kentucky v. Graham, the Supreme Court explained the difference between individual and official capacity suits:  Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent

only another way of pleading an action against an entity of which an officer is an agent." Graham, 473 U.S. at 165-55; Kreines v. United States, 33 F.3d 1105, 1107 (9ᵗʰ Cir. 1994).  An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity because the entity is the real party in interest.  Graham, 473 U.S. at 165-55; Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 n.3 (9ᵗʰ Cir. 1999); Lewis v. Sacramento County, 98 F.3d 434, 446 (9ᵗʰ Cir. 1996).  The Supreme Court concluded that "[a] victory in a personal-capacity action is a victory against the individual, rather than against the entity that employs him."  Graham, 473 U.S. at 167-68.

A suit against a governmental officer in his official capacity is the equivalent of a suit against the governmental entity itself.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9ᵗʰ Cir. 1991).  The proper Monell defendant in a civil rights case is the local government entity, and not the local government officer sued in his official capacity on behalf of the local governmental entity.  Wisler v. City of Fresno, 2007 WL 833060, *6 (E.D.Cal. 2007);  Luke v. Abbott, 954 F.Supp. 202, 202 (C.D.Cal.1997).  "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in his official capacity, the officer named in his official capacity is a redundant defendant and may be dismissed."  King v. McKnight,  2008 WL 314407, *5 (E.D.Cal. 2008); .  Because the City of Manteca is named in this action, it is unnecessary for Plaintiffs to also name Defendants in their official capacities.  These official capacity Defendants are redundant and will be dismissed.

**D.  Claims under Fourteenth Amendment**

Defendants seek to dismiss Plaintiffs' claims made pursuant to the Fourteenth Amendment.   Defendants argue that claims relating to search and seizure are to be evaluated solely under the Fourth Amendment.   The Fourth Amendment to the United States Constitution is applicable to the States only through the Fourteenth Amendment.  Maryland v. Pringle, 540 U.S. 366, 369 (2003); California v. Minjares, 443 U.S. 916, 921 (1979);  Wolf v. Colorado, 338 U.S. 25 (1949).  Because the Fourteenth Amendment is necessary so that Plaintiffs may raise

their Fourth Amendment claims against Defendants, the court does not find that the complaint's mention of the Fourteenth Amendment must be dismissed.   While the Fourth Amendment provides the legal standard for Plaintiffs' alleged constitutional violations, the presence of the Fourteenth Amendment is necessary.

**E.  Punitive Damages**

Defendants seek to strike any claim of punitive damages against Defendant City of Manteca or its subdivision, Defendant Police Department.   The Supreme Court has held that punitive damages are not available against a municipal corporation for a violation of 42 U.S.C. § 1983 because municipalities enjoy traditional common law immunity from punitive damages, and such damages would work a hardship on innocent taxpayers.   Newport v. Facts Concerts, 453 U.S. 247, 258 (1981); Mitchell v. Dupnik, 75 F.3d 517, 526 (9th Cir.1996); Woods v. Graphic Communications, 925 F.2d 1195, 1205 (9th Cir. 1991).   No punitive damages are allowed against a municipality unless expressly authorized by statute.   Cook County, Ill. v. United States, ex rel. Chandler,  538 U.S. 119, 129 (2003).   Thus, the complaint's damage request for punitive damages against Defendant City of Manteca will be struck.

## ORDER

Accordingly, the court ORDERS that:

1.    The Third Cause of Action, Fourth Cause of Action, and Fifth Cause of action are DISMISSED with leave to amend for Plaintiffs' failure to allege compliance with the CTCA;

2.    The claims against the Manteca Police Department are DISMISSED as duplicative of the claims against the City of Manteca;

3.    Defendants' request to dismiss the Fourteenth Amendment claims is DENIED;

4.    All claims for punitive damages against the City of Manteca are HEREBY STRUCK;

5.   Plaintiffs may file an amended complaint that shows compliance with the CTCA or state that Plaintiffs desire to proceed on only the current complaint's claims within thirty days of this order's date of service; and

6.   Plaintiffs are FOREWARNED that failure to file an amended complaint or state that Plaintiffs desire to proceed on the current complaint will result in sanctions, including dismissal, of this action.

IT IS SO ORDERED.

**Dated:    July 18, 2008**                          **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE

8